

**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9620 MARYLAND AVENUE SUITE 205
NORFOLK, VA 23511-2949

5890
Ser J201246
December 8, 2020

MR MITCHELL G EVANS
1236 NC HWY 903
ROANOKE RAPIDS NC 27870

Dear Mr. Evans:

SUBJECT: CLAIM OF MITCHELL G. EVANS AS PERSONAL REPRESENTATIVE / EXECUTOR OF THE ESTATE OF SALLIE ANN EVANS: OUR FILE NO. J201246

This responds to your administrative claim in the amount of $3,000,000.00 for the wrongful death of Sallie Ann Evans, who was shot and killed by LCPL Isaiah Kahleal Evans Ceaser (LCPL Ceaser), her grandson, on April 27, 2018.

Our original letter dated October 13, 2020 was returned marked as "Return to Sender. No such street. Unable to forward" (an envelope copy is enclosed). In your e-mail dated November 17, 2020 (a copy is enclosed), you confirmed that it is your correct current address. In addition, on December 7, 2020, I left you a voice message at phone #252-578-0473 requesting to return my call regarding your address.

I am re-sending the October 13, 2020 letter by regular mail. I am also e-mailing you the same. Please confirm receipt.

Further, please note that if you do not agree with the decision denying your FTCA claim for the reasons as set forth in the October 13, 2020 letter, you have 6 (six) months **from the date of mailing (October 14, 2020) of the original letter dated October 13, 2020** to file suit in the appropriate Federal District Court. If you have any questions, please contact me by phone at (757) 341-4561 or email at maria.grise@navy.mil.

Sincerely,

*Maria B. Grise*

MARIA B. GRISE
Tort Claims Attorney

Enclosures: 1. Our original denial letter dated October 13, 2020.
2. A copy of the envelope "Return to Sender. No such Street. Unable to forward."
3. Your November 17, 2020 e-mail confirming the delivery address.



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9620 MARYLAND AVENUE SUITE 205
NORFOLK, VA 23511-2949

5890
Ser J201246
October 13, 2020

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

MR MITCHELL G EVANS
1236 NC HWY 903
ROANOKE RAPIDS NC 27870

Dear Mr. Evans:

SUBJECT: CLAIM OF MITCHELL G. EVANS AS PERSONAL REPRESENTATIVE / EXECUTOR OF THE ESTATE OF SALLIE ANN EVANS: OUR FILE NO. J201246

This responds to your administrative claim in the amount of $3,000,000.00 for the wrongful death of Sallie Ann Evans, who was shot and killed by LCPL Isaiah Kahleal Evans Ceaser (LCPL Ceaser), her grandson, on April 27, 2018. You alleged that the US Government/USMC is liable for this incident because one or more of its employees (i) were aware that LCPL Ceaser posed a safety risk and threat to others, including Sallie Ann Evans, (ii) knew or should have known of LCPL Ceaser's violent propensities, (iii) had the ability (i.e. legal duty) and opportunity to control LCPL Ceaser, (iv) voluntarily assumed/had a legal duty to protect others, including Sallie Ann Evans, from LCPL Ceaser, and (v) breached their duty to protect others, including Sallie Ann Evans, and/or to control LCPL Ceaser.

Your claim was analyzed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Our investigation has determined that your claim does not fall within the FTCA's limited waiver of sovereign immunity, and the United States is not liable, under the FTCA, for the damages claimed.

The United States may be liable under the FTCA for damages caused by the negligent or wrongful act of an employee of a Federal agency <u>acting in the course and within the scope of their federal employment</u>. By your own admission, LCPL Ceaser was absent from his place of duty without proper authority (unauthorized absence), and was not under the control and supervision of military authorities at the time of the commission of the offense. At the time of his criminal act, he was acting entirely outside the course and scope of his military employment.

5890
Ser J201246
October 13, 2020

In addition, the general waiver of sovereign immunity granted by the FTCA specifically excludes any claim arising out of assault or battery. See 28 U.S.C. § 2680(h). Your claim alleges a cause of action not cognizable under the FTCA. Accordingly, your claim is denied.

Under the controlling North Carolina law, in general, there is neither a duty to control the actions of a third party, nor to protect another from a third party. Scadden v. Holt, 733 S.E.2d 90, 92 (N.C. Ct. App.2012). The US Court of Appeals for the 4th Circuit held that "the ability and opportunity to control a third party must be more than mere physical ability to control. Rather, it must rise to the level of custody, or legal right to control." (Durden v. US, 736 F. 3d, 296, 305, citing Scadden, 733 S.E. 2d at 93). "Were the law otherwise, the exception would swallow the rule and any person could be held liable for the foreseeable, harmful acts of another person in physical proximity." Scadden, 733 S.E. 2d at 93. The Durden Court of Appeals further held that the government's ability (i.e. legal duty) to control a tortfeasor/assailant must be independent of the tortfeasor's employment status as a government employee for purposes of an FTCA claim. Id.

If you do not agree with this decision, be advised you have 6 (six) months from the date of mailing of this letter to file suit in the appropriate Federal District Court. If you have any questions, please contact me by phone at (757) 341-4561 or email at maria.grise@navy.mil.

Sincerely,

*Maria B. Grise*

MARIA B. GRISE
Tort Claims Attorney

2

Pl. 1st Compt. Case 4:21-cv-00045-FL Document 1-1 Filed 04/08/21 Page 3 of 4 Ex. A-3



DEPARTMENT OF THE NAVY

OFFICE OF THE JUDGE ADVOCATE GENERAL
TORT CLAIMS UNIT NORFOLK
9620 MARYLAND AVENUE SUITE 205
NORFOLK, VA 23511-3949

OFFICIAL BUSINESS

9400 9227 8032 1290

7018 0040 0001 0658 0556

MR MITCHELL G EVANS
1236 NC HWY 903
ROANOKE RAPIDS NC 27870

NIXIE     276    DE 1         0011/20/20

RETURN TO SENDER
NO SUCH STREET
UNABLE TO FORWARD